UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


MEOSHA N. EUBANKS                                                               PLAINTIFF

V.                                               CIVIL ACTION NO. 3:21-cv-357-KHJ-MTP

VEOLIA WATER NORTH AMERICA OPERATING
SERVICES, LLC, and JOHN AND JANE DOES 1–10                   DEFENDANTS

ORDER

This action is before the Court on Defendant Veolia Water North America Operating Services, LLC's (or Veolia Water North America-South, LLC) ("Veolia") Motion to Dismiss [12]. For the reasons below, the Court grants in part and denies in part Veolia's motion.

I.     Facts and Procedural History

Plaintiff Meosha Eubanks is an African American woman who worked for Veolia as bio-solids land application supervisor. Amend. Compl. [11] ¶¶ 5–6; Exhibit A [11-1] at 1. While working for Veolia, Eubanks allegedly suffered taunts and insults, including the "'n' word" and other racially based derogations by management. [11] ¶¶ 11, 14. She asserts that, unlike other employees, she had to regularly report to project managers, notifying them when she arrived at work. *Id.* ¶ 12. She had to provide documentation of moving expenses to receive reimbursement that other white males did not have to report. [11-1] at 7. Eubanks also states that Veolia management habitually excluded her from conversations about her

department and paid her less than her male counterparts who performed equal or less work. [11] ¶¶ 9, 11, 16. In July 2020, Eubanks submitted an online pre-charge inquiry to the Equal Employment Opportunity Commission ("EEOC") where she claimed to overhear racial slurs stated by her superior and reported lug nuts being removed from her work truck. [11-1] at 6. She later filed a formal Charge of Discrimination ("Charge") with the EEOC in September 2020. [11] ¶ 21. The Charge alleged discrimination based on sex and described an event where she had to provide relocation receipts in order to receive reimbursement. [11-1] at 1. While the Charge does not mark that she faced discrimination based on race in the appropriate box, it mentions that she suspected racial discrimination in the description of particulars. *Id.*

As a result of the alleged mistreatment, Eubanks resigned in February 2021. [11] ¶ 17. Upon receiving her Notice of Right to Sue from the EEOC in April 2021, Eubanks sued in Hinds County Circuit Court. State Court Compl. [1-1]. Veolia removed the case to federal court. In her Amended Complaint, Eubanks asserts claims of sexual and racial harassment and discrimination under Title VII of the Civil Rights Act of 1964 and violations of the Equal Pay Act of 1963. Veolia moves to dismiss the Amended Complaint.

II.     Standard

Veolia moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). In reviewing a motion under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v.*

*MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). A valid claim for relief contains "sufficient factual matter, accepted as true," to give the claim "facial plausibility" and to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

   III.    Analysis

Eubanks brings four claims under Title VII: sexual harassment, racial harassment, sex discrimination, and race discrimination. She also brings an Equal Pay Act claim. The Court addresses each in turn.

        A.    Title VII Harassment Claims

Veolia first argues that the Court should bar Eubanks from pursuing her Title VII harassment claims because she failed to exhaust her administrative remedies. Memo in Support of Mot. to Dismiss [13] at 5–7. Veolia contends the harassment claims appear in unverified, pre-charge inquiry forms that failed to provide Veolia notice of the charges against it. *Id.*

Before plaintiffs can file a civil action under Title VII, they must file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5. The charge is meant to

"trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims." *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The administrative procedures are also meant to be unsophisticated. *Id.* As a result, courts analyze the plaintiff's statements in the charge broadly, "look[ing] slightly beyond its four corners, to its substance rather than its label." *Id.* (citations omitted). "[T]he scope of [an] EEOC investigation which can reasonably be expected to grow out of the charge" embodies this liberal construction. *Id.* (internal quotation marks omitted).

The EEOC's standard "Charge of Discrimination" form does not limit what the EEOC can consider to be a charge. Other papers and documents submitted to the EEOC can qualify as a charge if they satisfy the EEOC's regulatory requirements and can "be reasonably construed as a request to protect the employee's rights or otherwise settle a dispute between employer and employee." *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 753–54 (5th Cir. 2020) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)). The EEOC requires charges to be both in writing and either "sworn to or affirmed before a [specific person authorized by law] . . . or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §§ 1601.3, 1601.9. Other substantive requirements exist as well. *See* § 1601.12(a).

The allegations of harassment do not appear on the face of Eubanks' Charge. The paragraph of particulars only provides facts that support discrimination claims

based on disparate treatment. *See* [11-1]. The paragraph of particulars asserts that (1) only white men received promotions, (2) Eubanks was once required to show proof of receipts for reimbursement while others were not required, and (3) she had different terms and conditions of employment. *Id*. The Charge lacks any description of beratement by management, management calling Eubanks racial slurs, facts related to the lug-stealing incident, or any other information that could support a harassment claim. Even with liberal construction, the substance of the Charge's allegations does not put Veolia on notice that Eubanks endured harassment or a work environment that is "hostile and abusive." *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). Likewise, the EEOC could not reasonably be expected to investigate occurrences of racial or sexual harassment based on these facts.

But Eubanks argues that she brought such facts before the EEOC in her pre-charge inquiry form, and as such, she has exhausted her administrative remedies. Brief in Response to Mot. to Dismiss [15] at 3–4. For this to be true, the pre-charge inquiry form would have to amount to a "charge" that complies with the requirements set forth in *EEOC v. Vantage Energy Servs., Inc*. The pre-charge inquiry form, standing alone, does not satisfy these requirements. EEOC regulations require charges to be "verified" (i.e., "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury"). *See* 29 C.F.R. §

5

1601.3. Nothing on the face of the inquiry form suggests that one of these persons verified the form, and Eubanks does not assert that it was independently verified by any of the prescribed methods. Nor does Eubanks contest Veolia's claim that it had no notice of the inquiry form during the administrative process. Without verification, the Court cannot consider intake forms to independently qualify as a charge for purposes of exhausting EEOC administrative remedies. *See Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 338–39 (5th Cir. 2021) (finding unverified intake questionnaire inadequate); *McLeod v. Floor & Decor Outlets of Am., Inc.*, No. 3:20-CV-03134-E, 2021 WL 2515750, at *2 (N.D. Tex. June 18, 2021) (finding unverified inquiry form inadequate).

Eubanks argues that, as the Fifth Circuit did in *Patton v. Jacobs Eng'g Grp., Inc.*, this Court should construe the inquiry form to be a part of her formal Charge. 874 F.3d 437, 443–44 (5th Cir. 2017). *Patton* is distinguishable from the facts before the Court. In *Patton*, the Fifth Circuit allowed an intake questionnaire to be part of the formal charge because it was both filed with the formal charge and the EEOC investigated the plaintiff's unmentioned claim. *Id.* Neither party asserts those facts here. Eubanks filed her pre-charge inquiry form two months before she filed her Charge, and there is no evidence that the EEOC ever investigated her harassment claims. The Court thus finds the inquiry forms are not integrated into the formal Charge and remain unverified.

The pre-charge inquiry form does not independently satisfy EEOC regulations as a charge document. Because the formal Charge does not

substantively include any harassment claims, the Court partially grants Veolia's motion to dismiss for failure to exhaust administrative remedies. The Court dismisses the harassment claims without prejudice.

    B.    Title VII Discrimination Claims

For a Title VII disparate treatment claim to survive a 12 (b)(6) motion to dismiss, plaintiffs need only plead facts showing (1) an adverse employment action, and (2) that the employment action occurred because of their protected status. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019) (*Swierkiewicz* standard for pleading discrimination). When a complaint alleges discrimination based only on circumstantial evidence, "it may be *helpful* to refer to *McDonnell Douglas* to understand whether a plaintiff has sufficiently pleaded an adverse employment action taken 'because of' [her] protected status." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (emphasis added). But the pleading standard is not heightened, and the plaintiff need not make a showing on each prong of *McDonnell Douglas*.[1] *Cicalese*, 924 F.3d at 766–67.

Veolia does not dispute Eubanks is an African American woman, and therefore a member of a protected class, or that Eubanks was qualified for the positions she held. Veolia moves to dismiss on the grounds Eubanks' allegations do not amount to "adverse employment actions" and do not "allege that similarly

---

[1] To establish a prima facie case of employment discrimination under *McDonnell Douglas*, plaintiffs must show (1) that she is a member of a protected class; (2) that she was qualified for the position; (3) that she was subject to an adverse employment action; and (4) that others similarly situated were treated more favorably. *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004).

situated individuals outside of her protected classification received more favorable treatment." [13] at 7–11; Reply in Support of Mot. to Dismiss [16] at 3–6.

1. Adverse Employment Actions

Eubanks asserts the following "adverse employment actions" in her Amended Complaint: (1) discrimination in compensation and benefits, (2) discrimination in reimbursement of relocation expenses, and (3) constructive discharge. [11] ¶¶ 9, 16, 17; [11-1] at 1. Eubanks concedes that all other facts in the complaint including the requirement to send texts are pleaded only to establish harassment claims. [15] at 4–5.

i. Discrimination in Compensation and Benefits

Veolia first argues that the discrimination in pay claim is limited to those discrete allegations in the Charge, that "only employees with class four will get full merit increases which only included White males." *See* [11-1] at 1. But the Charge also includes the statement, "I have been subjected to different terms and conditions of employment[.] I believe I have been discriminated against . . . because of my sex and race." *Id.*

A "charge is 'sufficient' if it meets the requirements of § 1626.6—i.e., if it is 'in writing and . . . name[s] the prospective respondent and . . . generally allege[s] the discriminatory act(s).'" *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 396 (2008) (alteration in original). The charge requirement is designed to "put employers on notice of 'the existence and nature of the charges against them.'" *Manning v. Chevron Chem. Co. LLC*, 332 F.3d 874, 878 (5th Cir. 2003) (quoting *EEOC v. Shell*

*Oil Co.*, 466 U.S. 54, 77 (1984)). As a result, the scope of an EEOC charge "should be construed liberally." *Pacheco*, 448 F.3d at 788 (citing *Sanchez,* 431 F.2d at 463). The Court should construe it broadly to the "scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" *Id.* (quoting *Sanchez*, 431 F.2d at 466).

Eubanks' claim for discrimination in pay and benefits can fairly be expected to grow out of her more general allegations in the Charge — her claim that she had different terms and conditions of employment. The Charge incorporated into the Amended Complaint also states that the alleged discrimination was a "continuing action." [11-1] at 1. Liberally construed, Eubanks' Charge alleged disparate pay, as every paycheck would be a renewed ground for an EEOC charge. See 42 U.S.C. § 2000e-5 (e)(3) ("an unlawful employment practice occurs, with respect to discrimination in compensation . . . when an individual is affected by application of a discriminatory compensation decision . . . including each time wages, benefits, or other compensation is paid").

The previous statement discussing that only white males receiving full merit increases does not limit the later discrimination claim. Both statements constitute an adverse employment action for purposes of a Title VII discrimination claim.

      ii.  Discrimination in Relocation Benefits

Veolia next argues that Eubanks' discrimination claim relating to the relocation packet benefits is time-barred. [13] at 9. Courts should dismiss discrimination claims subject to the charge-filing requirement if the EEOC charge

was not filed timely. *See* 42 U.S.C. § 2000e-5(e)(1) (180 day filing deadline); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 476–77 (5th Cir. 1991). This 180-day period begins to run "from the time the complainant knows or reasonably should have known that the challenged act has occurred." *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000) (citing *Hamilton v. General Motors Corp.*, 606 F.2d 576, 579 (5th Cir. 1979)).

Eubanks alleges discrimination in relocation benefits in her Amended Complaint. *See* [11] ¶¶ 21–22; [11-1] at 1, 7. The addendum states that this denial of benefits occurred in October 2017 and that Eubanks had to produce receipts in May 2018. [11-1] at 7. Given that Eubanks filed the Charge referencing this event in September 2020, the discrimination claim on this singular discrete event is time-barred. To the extent that Eubanks alleges a Title VII discrimination claim independently based on the denial of relocation benefits in October 2017, the Court dismisses the claim.

### iii. Constructive Discharge

The third adverse employment action Eubanks alleges is based on a constructive discharge theory. Eubanks asserts that when she resigned in February 2021, she did so because of ongoing discrimination and the hostile work environment. [11] ¶ 17. As mentioned above, a plaintiff must exhaust all administrative remedies with the EEOC before they may file a civil action. *See* 42 U.S.C. § 2000e-5. Eubanks filed her Charge in September 2020 but did not resign until February 2021. "[I]t [is] axiomatic that for there to be a constructive

discharge, some type of termination of employment or resignation is required." *Barnes v. Greater Waco Chamber of Com.*, 256 F. App'x. 685, 687–88 (5th Cir. 2007). Because her Charge could not have included facts necessary to constitute a constructive discharge and there is no indication that Eubanks amended her Charge, she has not exhausted her claim for discrimination through constructive discharge. *See, e.g.*, *Mullinax v. Cook Sales, Inc.*, No. 2:16-CV-92-KS-MTP, 2016 WL 6839461, at *2 (S.D. Miss. Nov. 21, 2016) (dismissing constructive discharge claim not mentioned in EEOC charge and where resignation occurred after filing). The Court therefore dismisses without prejudice Eubanks' discrimination claim to the extent that it is based on constructive discharge from employment.

      2. Similarly Situated Comparators

Veolia also asserts that the discrimination claim based on disparate pay and benefits does not show that Eubanks is "'similarly situated' to other employees who were not members of her protected class" that received higher pay.

As stated above, references to *McDonnell Douglas* help determine whether the Amended Complaint satisfies the pleading standard. *Olivarez*, 997 F.3d at 600; *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). Yet Eubanks need not "submit evidence to establish a prima facie case at this stage"; she only must plead sufficient facts. *Chhim*, 836 F.3d at 470. At the summary judgment stage, the Fifth Circuit requires plaintiffs to show fellow employees "under nearly identical circumstances"—comparators—were treated more favorably. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (citations omitted). At the

11

pleading stage, allegations of comparators and other facts indicating disparate pay "because of" Eubanks' protected status are sufficient. *See Olivarez*, 997 F.3d at 600–02.

Drawing all reasonable inferences for Eubanks, her Amended Complaint states a claim for discrimination in pay. Eubanks' inquiry form incorporated by reference mentions that "male counterparts and subordinates did receive the full amount for annual merit increases" while Eubanks received none. [11-1] at 6. It also alleges that her vice president of operations insisted on decreasing Eubanks' pay to below a male employee that she manages. *Id.* at 7; *see also* [11] ¶ 16. Additionally, Eubanks provides allegations from which a factfinder could infer discriminatory motivation. *See, e.g.*, [11] ¶ 14 (calling Eubanks the n-word), [11-1] at 6 (other employees' affirmations that men are paid more). Together, these alleged facts lead the Court to find it plausible that disparate pay occurred because of Eubanks' protected statuses. The Court denies the motion to dismiss on Eubanks' disparate compensation discrimination claim.

    C.    Equal Pay Act Claims

Veolia argues that Eubanks' Equal Pay Act claim fails, asserting it does not relate back to the original complaint, is time-barred, and does not establish a prima facie case. [13] at 11–13. Eubanks claims Veolia paid her less than her male counterparts and provided her with different benefits. [11] ¶ 16. To begin, the Court finds that this claim does not relate back to the original complaint because it does not assert a claim arising out of conduct Eubanks tried to raise in the original

pleading. Fed. R. Civ. P. 15(c)(1)(B). No disparate pay theories exist in the original complaint. *See* [1-1]. But this is not fatal to the entire claim. Because Eubanks alleges a disparate pay claim, her two-year statute of limitations started running from the moment of accrual: each time Veolia presented an allegedly unequal paycheck to Eubanks. *See Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973). Given that Veolia employed Eubanks until February 2021, some claims for violating the Equal Pay Act remain unbarred.

To establish a prima facie case under the Equal Pay Act, a plaintiff must allege

> (1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison.

29 U.S.C. §206 (d)(1); *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). "While [Eubanks] does not need to plead a prima facie case, she is not exempt from her obligation to allege facts sufficient to state all the *elements* of her claim." *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014) (citing *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 370 (5th Cir. 2008) (internal quotation marks omitted).

Veolia alleges that Eubanks only pleads that she did not receive full merit increases like Class IV White males. [13] at 12. As such, Veolia asserts that Eubanks was not "similarly situated." *Id.*

First, the standard for an Equal Pay Act is not whether comparators are "similarly situated," but whether the job's content—regardless of label—required

13

substantially equal work. *See* 29 C.F.R. § 1620.13. The mere difference in classification is not controlling, and Eubanks' inclusion of such is not self-defeating. Second, as discussed above, Eubanks also alleges disparate pay between the sexes unrelated to this one-time merit increase. *See, e.g.*, [11-1] at 6–7; [11] ¶ 16. Because of this, the Court finds that Eubanks pleads a plausible claim for an Equal Pay Act violation.

IV. Conclusion

The Court has considered all the arguments the Parties set forth. For these reasons, Veolia's Motion to Dismiss [12] is GRANTED in part and DENIED in part.

The Court DISMISSES the Title VII disparate treatment claim to the extent that it is based on the one-time denial of relocation benefits, finding it time-barred.

The Court DISMISSES WITHOUT PREJUDICE all Title VII sexual harassment claims, all Title VII racial harassment claims, and the Title VII disparate treatment claim based on constructive discharge, finding Eubanks failed to exhaust her administrative remedies.

These claims are still pending: Eubanks' Title VII claims for disparate treatment in pay and benefits and Equal Pay Act claims.

The Court directs the parties to contact the Magistrate Judge's chambers within seven days of this Order to schedule a case management conference.

SO ORDERED AND ADJUDGED this the 23rd day of September, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT